

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

April 28, 2003

The Honorable Robert Duncan
Chair, Senate Jurisprudence Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0065

Re: Whether the Texas Water Advisory Council is subject to the requirements of the Public Information Act, chapter 552 of the Government Code (RQ-0632-JC)

Dear Senator Duncan:

As the former chair of the Senate Natural Resources Committee, you asked whether the Texas Water Advisory Council is subject to the requirements of the Public Information Act, chapter 552 of the Government Code (the "Act").

The Texas Water Advisory Council (the "Council") was created by the Seventy-seventh Legislature. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 966, 2001 Tex. Gen. Laws 1991, 1991-95. The Council is composed of thirteen members, including five elected and appointed officials, three members of the House of Representatives, two members of the Senate, and three members of the public. TEX. WATER CODE ANN. § 9.002(a) (Vernon Supp. 2003). Members of the Council serve without compensation, but "may be reimbursed by legislative appropriation for actual and necessary expenses related to the performance of council duties . . . subject to the approval of the chair." *Id.* § 9.007(a)-(b). The Council's funding is provided by an "interagency water advisory account," which is "a special account in the general revenue fund." *Id.* § 9.014(a). This special account "consists of legislative appropriations, gifts and grants received under Section 9.013, and other money required by law to be deposited in the account." *Id.* § 9.014(b).

The statutes creating the Council make clear that it is an advisory body only. Its purpose is to "heighten the level of dialogue on significant water policy issues and, in an advisory role only, strive to provide focus and recommendations on state water policy initiatives." *Id.* § 9.008(a)(1). The Council is further required to (1) "encourage the enhancement and coordination of state, interstate, and international efforts to improve environmental quality and living conditions along the Texas-Mexico border," (2) "coordinate a unified state position on federal and international water issues," and (3) "advise the Texas Water Development Board on developing criteria for prioritizing the funding of projects in the state water plan." *Id.* § 9.008(a)(2)-(4). The Council is specifically prohibited from adopting rules; regulating any aspect of water resource management; planning or constructing water resource projects; granting or lending money for the construction of water resource projects; usurping the authority or infringing upon the duties or responsibilities of local,

regional, or state water management entities; or, considering or discussing a specific permit or project before the water permit has been issued by the state. *Id.* § 9.008(b).

Section 9.006(b) of the Water Code provides that "[t]he council is subject to Chapters 551 and 2001, Government Code," which enact, respectively, the Open Meetings Act and the Administrative Procedure Act. *Id.* § 9.006(b). Because the legislation creating the Council omitted reference to the Public Information Act, you ask whether the Council is also subject to that statute.

The Act defines "public information" as "information that is collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business" by, *inter alia*, "a governmental body." TEX. GOV'T CODE ANN. § 552.002 (Vernon Supp. 2003). "Governmental body" in turn is defined to include the following entities:

> (i) a board, commission, department, committee, institution, agency, or office that is within or is created by the executive or legislative branch of state government and that is directed by one or more elected or appointed members;
>
> . . . .
>
> (xi) the part, section, or portion of an organization, corporation, commission, committee, institution, or agency that spends or that is supported in whole or in part by public funds.

*Id.* § 552.003(1)(A)(i), (xi), *amended by* Act of May 24, 2001, 77th Leg., R.S., ch. 1004, § 2, 2001 Tex. Gen. Laws 2186, 2187.[1]

The Council is unmistakably a governmental body for purposes of the Act. It is "within" the executive branch of state government. It was "created" by the legislative branch of government. Furthermore, as an entity consisting of thirteen members, it is "directed by one or more elected or appointed members." *See id.* In addition, the Council expends and is supported by public funds. *See* TEX. WATER CODE ANN. § 9.014 (Vernon Supp. 2003). Because the Act's literal terms so clearly encompass the Council, the mere omission from the Council's enabling legislation of a statement that the Act applies is immaterial. We conclude that the Council is subject to the Public Information Act.

---

[1]House Bills 371 and 936 amended section 552.003 during the Seventy-seventh Legislative Session, but neither bill changed the substance of the quoted subsections. *See* TEX. GOV'T CODE ANN. § 552.003 historical note (Vernon Supp. 2003) [Act of May 17, 2001, 77th Leg., R.S., ch. 633, § 1, 2001 Tex. Gen. Laws 1194] [Act of May 24, 2001, 77th Leg., R.S., ch. 1004, § 2, 2001 Tex. Gen. Laws 2186, 2187].

## S U M M A R Y

The Texas Water Advisory Council is subject to the Public
Information Act, chapter 552 of the Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee